## Thornberry v. Commonwealth.

(Decided May 31, 1927.)

Appeal from Jefferson Circuit Court (Criminal Branch).

Criminal Law.—One cannot be convicted of the violation of a particular statute and punished under another statute relating to an entirely different offense, statutory punishments being exclusive,

hence defendant, convicted under warrant charging him with
being drunk in a public place in violation of Ky. Stats., Supp.
1926, sections 2554a-24, could not be punished by revocation of his
automobile license for one year, under section 2739g-34a, relating
to operating motor vehicle while intoxicated.

DAVID SESSMER for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P.
CUSICK, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

Roy Thornberry was arrested on a warrant from the
police court of Louisville charging him with being
"drunk in a public place." On a trial in that court he
was found guilty and appealed to the circuit court, where
the jury gave him a jail sentence and revoked his auto-
mobile license for a period of 1 year. To reverse the
judgment which conformed to the verdict, this appeal is
prosecuted.

The punishment for being drunk in a public place is
a fine of not less than $10 nor more than $100, or im-
prisonment for not less than 5 nor more than 30 days, or
both such fine and imprisonment. Section 2554a-24,
Kentucky Statutes, Baldwin's 1926 Supplement.

For operating a motor vehicle while intoxicated, the
punishment for the first offense is a fine of not less than
$100 nor more than $500 and the revocation of the de-
fendant's license to operate a motor vehicle for a period
of one year. For the second and each subsequent offense,
the punishment is a fine of not less than $100 nor more
than $500 and confinement in the county jail for not less
than 30 days nor more than 6 months. Section 2739g-34a,
Kentucky Statutes, Baldwin's 1926 Supplement.

Instruction No. 1, authorizing appellant's conviction
for the offense of being drunk in a public place, fixed the
punishment in accordance with section 2554a-24, supra,
but, by inadvertence, a subsequent instruction prescrib-
ing the form of the verdict authorized the jury not only
to impose the punishment fixed by that statute, but to
revoke appellant's license to operate a motor vehicle for
one year, and such was the verdict of the jury. The revo-
cation of the offender's license to operate a motor vehicle
is a part of the punishment for operating a motor vehicle
while intoxicated. It is not a part of the punishment for

being drunk in a public place. The warrant did not charge appellant with operating a motor vehicle while intoxicated. The only charge was being drunk in a public place. In cases like this, the statutory punishments are exclusive. One cannot be convicted of the violation of a particular statute and punished under another statute relating to an entirely different offense. It follows that the instruction authorizing the revocation of appellant's license was erroneous.

Judgment reversed and cause remanded for a new trial consistent with this opinion.